UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD J. LYTLE,

        Petitioner,

v.                              Case No. 10-12871
                                 Honorable David M. Lawson

CARMEN D. PALMER,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING THE PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE</u>**

Petitioner Floyd J. Lytle is currently incarcerated in the Michigan Reformatory in Ionia, Michigan, and has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a bench trial in Wayne County Circuit Court, the petitioner was convicted of assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84; unlawful imprisonment, Mich. Comp. Laws § 750.349B; car-jacking, Mich. Comp. Laws § 750.529A; and unarmed robbery, Mich. Comp. Laws § 750.530. On June 10, 2010, he was sentenced to concurrent terms of 6 to 10 years imprisonment on the assault conviction, 6 to 15 years imprisonment on the unlawful imprisonment and unarmed robbery convictions, and 15 to 25 years imprisonment on the car-jacking conviction. In his habeas petition, Lytle raises several arguments challenging the sufficiency of the evidence, the conduct of the prosecutor, the use of perjured testimony, his mental state, and the ineffectiveness of trial counsel. Because the petitioner has not yet exhausted his claims in the Michigan appellate courts, the Court will dismiss his petition for a writ of habeas corpus without prejudice.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners

must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (C); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thomas v. Keohane*, 516 U.S. 99, 111 (1995); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The petitioner has not met his burden of demonstrating exhaustion of state court remedies. He was sentenced just over two months ago on June 10, 2010, and could not have concluded his direct appeals in the Michigan courts. The petitioner has not alleged that he has pursued a direct

appeal, and it appears that he still may do so. *See* Mich. Ct. R. 7.205(F)(2) (allowing up to one year to file a delayed appeal). The state courts must first be given a fair opportunity to rule upon the petitioner's habeas claims before he can present those claims to this Court. *See O'Sullivan*, 526 U.S. at 845. Therefore, the current petition is premature and must be dismissed.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt. #1] is **DISMISSED WITHOUT PREJUDICE**. The Court makes no determination as to the merits of the petitioner's claims.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 26, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 26, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO